# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

BALTHASER ONLINE, INC,

                     Plaintiff,

      -against-

NETWORK SOLUTIONS, LLC, THE KNOT, INC., INSIDER GUIDES, INC., CYWORLD INC., FRIENDFINDER NETWORKS, INC., HI5 NETWORKS, INC., FREEWEBS, INC., GAIA INTERACTIVE INC., FRIENDSTER, INC., EBAUM'S WORLD, INC., PUMA INTERNATIONAL, LLC,  IMEEM, INC., SCRIPPS NETWORKS, LLC, LIVE JOURNAL INC., NIKE, INC., NING, INC., SWATCHBOX TECHNOLOGIES, INC., ELECTRONIC ARTS INC., HOOKUMU INC., MEREDITH CORP., and CAPCOM USA, INC.,

                    Defendants.

Civil Action No. 2:08-cv-430

**COMPLAINT**
**(JURY TRIAL DEMANDED)**

       Plaintiff Balthaser Online, Inc. ("Balthaser"), by its attorneys Dickstein Shapiro LLP, as and for its Complaint against Defendants Network Solutions LLC, The Knot, Inc., Insider Guides, Inc., Cyworld Inc., FriendFinder Networks Inc., Hi5 Networks, Inc., Freewebs, Inc., Gaia Interactive Inc., Friendster, Inc., Ebaum's World, Inc., Puma International, LLC,  Imeem, Inc., Scripps Networks, LLC, Live Journal, Inc., Nike, Inc., Ning, Inc., Swatchbox Technologies,

DOCSNY-335405

Inc., Electronic Arts Inc., Hookumu Inc., Meredith Corp. and Capcom USA, Inc., (collectively the "Defendants") alleges as follows:

## THE PARTIES

1.      Plaintiff, Balthaser Online, Inc., is a Delaware corporation with its principal place of business located at 7120 Morning Canyon Road, Placerville, California  95667.

2.      Upon information and belief, Defendant Network Solutions, LLC is a Delaware Corporation with its principal place of business at 13861 Sunrise Valley Drive, Suite 300, Herndon, Virginia  20171.

3.      Upon information and belief, Defendant The Knot, Inc. is a Delaware Corporation with its principal place of business at 462 Broadway, 6th Floor, New York, New York  10013.

4.      Upon information and belief, Defendant Insider Guides, Inc. is a Delaware Corporation with its principal place of business at 280 Union Square Drive, New Hope, Pennsylvania  18938.

5.      Upon information and belief, Defendant Cyworld Inc. is a California Corporation with its principal place of business at 268 Bush Street, #4213, San Francisco, California  94104.

6.      Upon information and belief, Defendant FriendFinder Networks Inc. is a Florida Corporation with its principal place of business at 6800 Broken Sound Pkwy, Suite 100, Boca Raton, Florida  33487.

DOCSNY-335405

7.     Upon information and belief, Defendant Hi5 Networks, Inc. is a Delaware Corporation with its principal place of business at 55 Second Street, Ste. 300, San Francisco, California 94105.

8.     Upon information and belief, Defendant Freewebs, Inc. is a Delaware Corporation with its principal place of business at 1100 Wayne Avenue, Suite 801, Silver Spring, Maryland 20910.

9.     Upon information and belief, Defendant Gaia Interactive Inc. is a Delaware Corporation with its principal place of business at 1741 Technology Drive #500, San Jose, California 95110.

10.    Upon information and belief, Defendant Friendster Inc. is a Delaware Corporation with its principal place of business at 568 Howard Street, San Francisco, California 94105.

11.    Upon information and belief, Defendant Ebaum's World, Inc. is a Delaware Corporation with its principal place of business at 2590 Brighton Henrietta Townline Road, Rochester, New York 14623.

12.    Upon information and belief, Defendant Puma International, LLC is a Delaware Corporation with its principal place of business at One Design Center Place, Boston, Massachusetts 02210.

DOCSNY-335405

13.    Upon information and belief, Defendant Imeem, Inc. is a Delaware Corporation with its principal place of business at 139 Townsend Street, #400, San Francisco, California 94107.

14.    Upon information and belief, Defendant Scripps Networks, LLC is a Delaware Corporation with its principal place of business at 9721 Sherrill Blvd, Knoxville, Tennessee 37932.

15.    Upon information and belief, Defendant Live Journal Inc. is a California Corporation with its principal place of business at 575 Folsom Street, 3rd Floor, San Francisco, California 94105.

16.    Upon information and belief, Defendant Nike, Inc. is an Oregon Corporation with its principal place of business at 1 Bowerman Drive, Beaverton, Oregon 97005.

17.    Upon information and belief, Defendant Ning, Inc. is a Delaware Corporation with its principal place of business at 735 Emerson Street, Palo Alto, California 94301.

18.    Upon information and belief, Defendant Swatchbox Technologies, Inc. is a Massachusetts Corporation with its principal place of business at 96 West Main Street, Northborough, Massachusetts 01532.

DOCSNY-335405

19.   Upon information and belief, Defendant Electronic Arts Inc. is a Delaware Corporation with its principal place of business at 209 Redwood Shores Pkwy, Redwood City, California 94065.

20.   Upon information and belief, Defendant Hookumu Inc. is a New Hampshire Corporation with its principal place of business at One Verani Way, Londonderry, New Hampshire 03053.

21.   Upon information and belief, Defendant Meredith Corp. is an Iowa Corporation with its principal place of business at 1716 Locust Street, Des Moines, Iowa 50309.

22.   Upon information and belief, Defendant Capcom USA, Inc. is a California Corporation with its principal place of business at 800 Concar Drive, Ste. 300, San Mateo, California 94402.

## JURISDICTION AND VENUE

23.   This action arises under the patent laws of the United States, 35 U.S.C. §§ 1 et seq. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

24.   This Court has personal jurisdiction over the Defendants because, upon information and belief, all of the Defendants transact business within the State of Texas and because Defendants have committed acts of infringement of Balthaser's patent in this State and within this District.

DOCSNY-335405

25.   Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) and (c), and pursuant to § 1400(b).

## <u>INFRINGEMENT OF U.S. PATENT NO. 7,000,180</u>

26.   Balthaser is engaged in the business of creating interactive online productions for its clients.   Balthaser uses technology to allow its customers to design rich media website applications.   Balthaser was founded in 1999 and has been in business continuously since.

27.   Balthaser is the sole and exclusive owner by assignment of United States Patent No. 7,000,180 B2 to Neil Balthaser entitled "METHODS, SYSTEMS, AND PROCESSES FOR THE DESIGN AND CREATION OF RICH-MEDIA APPLICATIONS VIA THE INTERNET" (the "`180 patent").  The `180 patent was duly and legally issued by the United States Patent and Trademark Office on Feb. 14, 2006.  A true and correct copy of the `180 patent is attached hereto as Exhibit A.

28.   Upon information and belief, Defendant Network Solutions, LLC has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the `180 Patent in the State of Texas, in this District, and elsewhere in the United States by, among other thing, operating websites covered by one or more claims of the `180 Patent to the injury of Balthaser.  Defendant Network Solutions, LLC is thus liable for infringement of the `180 Patent pursuant to 35 U.S.C. § 271.

29.   Upon information and belief, Defendant The Knot, Inc. has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing

DOCSNY-335405

to the infringement of the `180 Patent in the State of Texas, in this District, and elsewhere in the United States by, among other thing, operating websites covered by one or more claims of the `180 Patent to the injury of Balthaser.  Defendant The Knot, Inc. is thus liable for infringement of the `180 Patent pursuant to 35 U.S.C. § 271.

30.     Upon information and belief, Defendant Insider Guides, Inc. has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the `180 Patent in the State of Texas, in this District, and elsewhere in the United States by, among other thing, operating websites covered by one or more claims of the `180 Patent to the injury of Balthaser.  Defendant Insider Guides, Inc. is thus liable for infringement of the `180 Patent pursuant to 35 U.S.C. § 271.

31.     Upon information and belief, Defendant Cyworld Inc. has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the `180 Patent in the State of Texas, in this District, and elsewhere in the United States by, among other thing, operating websites covered by one or more claims of the `180 Patent to the injury of Balthaser.  Defendant Cyworld Inc. is thus liable for infringement of the `180 Patent pursuant to 35 U.S.C. § 271.

32.     Upon information and belief, Defendant FriendFinder Networks Inc. has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the `180 Patent in the State of Texas, in this District, and elsewhere in the United States by, among other thing, operating websites covered by one or more

claims of the `180 Patent to the injury of Balthaser.  Defendant FriendFinder Networks Inc. is thus liable for infringement of the `180 Patent pursuant to 35 U.S.C. § 271.

33.    Upon information and belief, Defendant Hi5 Networks, Inc. has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the `180 Patent in the State of Texas, in this District, and elsewhere in the United States by, among other thing, operating websites covered by one or more claims of the `180 Patent to the injury of Balthaser.  Defendant Hi5 Networks, Inc. is thus liable for infringement of the `180 Patent pursuant to 35 U.S.C. § 271.

34.    Upon information and belief, Defendant Freewebs, Inc. has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the `180 Patent in the State of Texas, in this District, and elsewhere in the United States by, among other things, operating websites covered by one or more claims of the `180 Patent to the injury of Balthaser.  Defendant Freewebs, Inc. is thus liable for infringement of the `180 Patent pursuant to 35 U.S.C. § 271.

35.    Upon information and belief, Defendant Gaia Interactive Inc. has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the `180 Patent in the State of Texas, in this District, and elsewhere in the United States by, among other thing, operating websites covered by one or more claims of the `180 Patent to the injury of Balthaser.  Defendant Gaia Interactive Inc. is thus liable for infringement of the `180 Patent pursuant to 35 U.S.C. § 271.

DOCSNY-335405

36.   Upon information and belief, Defendant Friendster Inc. has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the `180 Patent in the State of Texas, in this District, and elsewhere in the United States by, among other thing, operating websites covered by one or more claims of the `180 Patent to the injury of Balthaser.  Defendant Friendster Inc. is thus liable for infringement of the `180 Patent pursuant to 35 U.S.C. § 271.

37.   Upon information and belief, Defendant Ebaum's World, Inc. has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the `180 Patent in the State of Texas, in this District, and elsewhere in the United States by, among other thing, operating websites covered by one or more claims of the `180 Patent to the injury of Balthaser.  Defendant Ebaum's World, Inc. is thus liable for infringement of the `180 Patent pursuant to 35 U.S.C. § 271.

38.   Upon information and belief, Defendant Puma International, LLC has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the `180 Patent in the State of Texas, in this District, and elsewhere in the United States by, among other thing, operating websites covered by one or more claims of the `180 Patent to the injury of Balthaser.  Defendant Puma International, LLC is thus liable for infringement of the `180 Patent pursuant to 35 U.S.C. § 271.

39.   Upon information and belief, Defendant Imeem, Inc. has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the `180 Patent in the State of Texas, in this District, and elsewhere in the United

9

States by, among other thing, operating websites covered by one or more claims of the `180 Patent to the injury of Balthaser. Defendant Imeem, Inc. is thus liable for infringement of the `180 Patent pursuant to 35 U.S.C. § 271.

40.    Upon information and belief, Defendant Scripps Networks, LLC has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the `180 Patent in the State of Texas, in this District, and elsewhere in the United States by, among other thing, operating websites covered by one or more claims of the `180 Patent to the injury of Balthaser. Defendant Scripps Networks, LLC is thus liable for infringement of the `180 Patent pursuant to 35 U.S.C. § 271.

41.    Upon information and belief, Defendant Live Journal Inc. has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the `180 Patent in the State of Texas, in this District, and elsewhere in the United States by, among other thing, operating websites covered by one or more claims of the `180 Patent to the injury of Balthaser. Defendant Live Journal Inc. is thus liable for infringement of the `180 Patent pursuant to 35 U.S.C. § 271.

42.    Upon information and belief, Defendant Nike, Inc. has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the `180 Patent in the State of Texas, in this District, and elsewhere in the United States by, among other thing, operating websites covered by one or more claims of the `180 Patent to the injury of Balthaser. Defendant Nike, Inc. is thus liable for infringement of the `180 Patent pursuant to 35 U.S.C. § 271.

DOCSNY-335405

43.     Upon information and belief, Defendant Ning, Inc. has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the `180 Patent in the State of Texas, in this District, and elsewhere in the United States by, among other thing, operating websites covered by one or more claims of the `180 Patent to the injury of Balthaser.  Defendant Ning, Inc. is thus liable for infringement of the `180 Patent pursuant to 35 U.S.C. § 271.

44.     Upon information and belief, Defendant Swatchbox Technologies, Inc. has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the `180 Patent in the State of Texas, in this District, and elsewhere in the United States by, among other thing, operating websites covered by one or more claims of the `180 Patent to the injury of Balthaser.  Defendant Swatchbox Technologies, Inc. is thus liable for infringement of the `180 Patent pursuant to 35 U.S.C. § 271.

45.     Upon information and belief, Defendant Electronic Arts Inc. has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the `180 Patent in the State of Texas, in this District, and elsewhere in the United States by, among other thing, operating websites covered by one or more claims of the `180 Patent to the injury of Balthaser.  Defendant Electronic Arts Inc. is thus liable for infringement of the `180 Patent pursuant to 35 U.S.C. § 271.

46.     Upon information and belief, Defendant Hookumu Inc. has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the `180 Patent in the State of Texas, in this District, and elsewhere in the United

DOCSNY-335405

States by, among other thing, operating websites covered by one or more claims of the `180 Patent to the injury of Balthaser. Defendant Hookumu Inc. is thus liable for infringement of the `180 Patent pursuant to 35 U.S.C. § 271.

47.   Upon information and belief, Defendant Meredith Corp. has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the `180 Patent in the State of Texas, in this District, and elsewhere in the United States by, among other thing, operating websites covered by one or more claims of the `180 Patent to the injury of Balthaser. Defendant Meredith Corp. is thus liable for infringement of the `180 Patent pursuant to 35 U.S.C. § 271.

48.   Upon information and belief, Defendant Capcom USA, Inc. has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the `180 Patent in the State of Texas, in this District, and elsewhere in the United States by, among other thing, operating websites covered by one or more claims of the `180 Patent to the injury of Balthaser.  Defendant Capcom USA, Inc. is thus liable for infringement of the `180 Patent pursuant to 35 U.S.C. § 271.

49.   In violation of 35 U.S.C. § 271(a), Defendants have made, used, offered to sell, and/or sold in the United States and/or imported into the United States methods, systems, and processes that infringe one or more claims of the `180 patent either literally or under the doctrine of equivalents.

12

50.     Defendants also have actively induced the infringement of or contributed to the infringement of, one or more claims of the `180 patent in violation of 35 U.S.C. §§ 271(b) and (c).

51.     Upon information and belief, the infringement of the `180 patent by Defendants has occurred with knowledge of the `180 patent, has been reckless and thus has been willful.

52.     Balthaser has suffered and will continue to suffer serious irreparable injury unless Defendants' infringement of the `180 patent is enjoined.

53.     Balthaser does not have an adequate remedy at law.

54.     As a result of Defendants' wrongful conduct, Balthaser has also been damaged in an amount to be determined at trial but in no case less than a reasonable royalty.

## **REQUESTED RELIEF**

WHEREFORE, Balthaser respectfully requests that this Court grant Balthaser the following relief:

A.      A judgment that Defendants (individually and collectively) have infringed one or more claims of the `180 patent in violation of 35 U.S.C. §§ 271(a), (b), and (c);

B.      A judgment that Defendants' infringement of the `180 patent has been willful.

DOCSNY-335405

C.      An order pursuant to 35 U.S.C. § 283,  permanently enjoining Defendants, and all persons in active concert or participation with Defendants, from any further acts of infringement, inducement of infringement, or contributory infringement of the `180 patent;

D.      An award of damages, pursuant to 35 U.S.C. § 284, adequate to compensate Balthaser for Defendants' infringement of the `180 patent, in an amount to be determined at trial, but in no event less than a reasonable royalty;

E.      An order for an accounting of all sales and revenues derived in connection with activities and conduct found to infringe the `180 patent, including sales and revenues through the date of trial and thereafter.

F.      An order, pursuant to 35 U.S.C. § 284, and based on Defendants' willful infringement of the `180 patent, enhancing all damages awarded to Balthaser by trebling such damages;

G.      An order, pursuant to 35 U.S.C. § 284, awarding to Balthaser interest on damages and its costs incurred in this action;

H.      An order, pursuant to 35 U.S.C. § 285, awarding to Balthaser its reasonable attorneys' fees incurred in this action; and

I.      Such other and further relief as this Court may deem just and proper.

DOCSNY-335405

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all claims asserted herein.

Dated:  November 4, 2008

Respectfully submitted,

McKOOL SMITH, P.C.

/s/ Sam Baxter
Samuel F. Baxter
Texas Bar No. 01938000
sbaxter@mckoolsmith.com
Gary Kitchen
Texas Bar No. 24033656
gkitchen@mckoolsmith.com
McKOOL SMITH, P.C.
104 East Houston Street, Suite 300
Marshall, Texas 75670
Telephone: (903) 923 9000
Facsimile: (903) 923 9099

- and -

Alfred R. Fabricant
Lawrence C. Drucker
DICKSTEIN SHAPIRO LLP
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 277-6500
Facsimile: (212) 277-6501

*Attorneys for Plaintiff Balthaser Online, Inc.*

DOCSNY-335405