# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

| | |
|---|---|
| BALTHASER ONLINE, INC., | |
| Plaintiff, | Civil Action No. 2:08-cv-430-DF |
| -against- | |
| NETWORK SOLUTIONS, LLC, THE KNOT, INC., INSIDER GUIDES, INC., CYWORLD INC., FRIENDFINDER NETWORKS, INC., HI5 NETWORKS, INC., FREEWEBS, INC., GAIA INTERACTIVE INC., FRIENDSTER, INC., EBAUM'S WORLD, INC., PUMA INTERNATIONAL, INC., IMEEM, INC., SCRIPPS NETWORKS, LLC, LIVE JOURNAL INC., NIKE, INC., NING, INC., SWATCHBOX TECHNOLOGIES, INC., ELECTRONIC ARTS INC., HOOKUMU INC., MEREDITH CORP., and CAPCOM USA, INC., | **FIRST AMENDED COMPLAINT (JURY TRIAL DEMANDED)** |
| Defendants. | |

Plaintiff Balthaser Online, Inc. ("Balthaser"), by its attorneys Dickstein Shapiro LLP, as and for its First Amended Complaint against Defendants Network Solutions LLC, The Knot, Inc., Insider Guides, Inc., Cyworld Inc., FriendFinder California Inc., Various, Inc., Global Alphabet, Inc., Hi5 Networks, Inc., Freewebs, Inc., Gaia Interactive Inc., Friendster, Inc., Ebaum's World, Inc., Puma North America, Inc., Imeem, Inc., Scripps Networks, LLC, Live Journal, Inc., Nike, Inc., Ning, Inc., Swatchbox Technologies, Inc., Electronic Arts Inc.,

1

DOCSNY-345387

Hookumu Inc., Meredith Corp. Capcom USA, Inc., Art Star Design LLC, Interaria, Booker Entities, Inc., Big Jump Media, Inc. and shameblame.com (collectively, the "Defendants") alleges as follows:

## THE PARTIES

1.  Plaintiff Balthaser is a Delaware corporation with its principal place of business located at 7120 Morning Canyon Road, Placerville, California  95667.

2.  Upon information and belief, Defendant Network Solutions, LLC is a Delaware Corporation with its principal place of business at 13861 Sunrise Valley Drive, Suite 300, Herndon, Virginia  20171.

3.  Upon information and belief, Defendant The Knot, Inc. is a Delaware Corporation with its principal place of business at 462 Broadway, 6th Floor, New York, New York 10013.

4.  Upon information and belief, Defendant Insider Guides, Inc. is a Delaware Corporation with its principal place of business at 280 Union Square Drive, New Hope, Pennsylvania  18938.

5.  Upon information and belief, Defendant Cyworld Inc. is a California Corporation with its principal place of business at 268 Bush Street, #4213, San Francisco, California 94104.

DOCSNY-345387

6. Upon information and belief, Defendant FriendFinder California, Inc. is a California Corporation with its principal place of business at 445 Sherman Avenue, Suite C, Palo Alto, California 94306.

7. Upon information and belief, Defendant Various, Inc. is a California Corporation with its principal place of business at 445 Sherman Avenue, Suite C, Palo Alto, California 94306.

8. Upon information and belief, Defendant Global Alphabet, Inc. is a California Corporation with its principal place of business at 445 Sherman Avenue, Suite C, Palo Alto, California 94306.

9. Upon information and belief, Defendant Hi5 Networks, Inc. is a Delaware Corporation with its principal place of business at 55 Second Street, Ste. 300, San Francisco, California 94105.

10. Upon information and belief, Defendant Freewebs, Inc. is a Delaware Corporation with its principal place of business at 1100 Wayne Avenue, Suite 801, Silver Spring, Maryland 20910.

11. Upon information and belief, Defendant Gaia Interactive Inc. is a Delaware Corporation with its principal place of business at 1741 Technology Drive #500, San Jose, California 95110.

DOCSNY-345387

12.     Upon information and belief, Defendant Friendster Inc. is a Delaware Corporation with its principal place of business at 568 Howard Street, San Francisco, California 94105.

13.     Upon information and belief, Defendant Ebaum's World, Inc. is a Delaware Corporation with its principal place of business at 2590 Brighton Henrietta Townline Road, Rochester, New York 14623.

14.     Upon information and belief, Defendant Puma North America, Inc. is a Delaware Corporation with its principal place of business at 5 Lyberty Way, Westford, Massachusetts 01886.

15.     Upon information and belief, Defendant Imeem, Inc. is a Delaware Corporation with its principal place of business at 139 Townsend Street, #400, San Francisco, California 94107.

16.     Upon information and belief, Defendant Scripps Networks, LLC is a Delaware Corporation with its principal place of business at 9721 Sherrill Blvd, Knoxville, Tennessee 37932.

17.     Upon information and belief, Defendant Live Journal Inc. is a California Corporation with its principal place of business at 575 Folsom Street, 3rd Floor, San Francisco, California 94105.

DOCSNY-345387

18.     Upon information and belief, Defendant Nike, Inc. is an Oregon Corporation with its principal place of business at 1 Bowerman Drive, Beaverton, Oregon 97005.

19.     Upon information and belief, Defendant Ning, Inc. is a Delaware Corporation with its principal place of business at 735 Emerson Street, Palo Alto, California 94301.

20.     Upon information and belief, Defendant Swatchbox Technologies, Inc. is a Massachusetts Corporation with its principal place of business at 96 West Main Street, Northborough, Massachusetts  01532.

21.     Upon information and belief, Defendant Electronic Arts Inc. is a Delaware Corporation with its principal place of business at 209 Redwood Shores Pkwy, Redwood City, California  94065.

22.     Upon information and belief, Defendant Hookumu Inc. is a New Hampshire Corporation with its principal place of business at One Verani Way, Londonderry, New Hampshire  03053.

23.     Upon information and belief, Defendant Meredith Corp. is an Iowa Corporation with its principal place of business at 1716 Locust Street, Des Moines, Iowa 50309.

DOCSNY-345387

24.     Upon information and belief, Defendant Capcom USA, Inc. is a California Corporation with its principal place of business at 800 Concar Drive, Ste. 300, San Mateo, California  94402.

25.     Upon information and belief, Defendant Art Star Design LLC is a Delaware Corporation with its principal place of business at 11901 Swearingen Dr., Austin, Texas 78758.

26.     Upon information and belief, Defendant Interaria is a company located in Austin, Texas with its principal place of business at 704 Cutlass St., Austin, Texas 78734.

27.     Upon information and belief, Defendant Booker Entities, Inc. is a California Corporation with its principal place of business at 269 S. Beverly Dr., #331, Beverly Hills, CA 90212, and has a mailing address at 1900 Preston Road, Suite #267, Plano, Texas 75093.

28.     Upon information and belief, Defendant Big Jump Media, Inc. is a Texas Corporation with its principal place of business at 7160 N. Dallas Parkway, Suite #400, Plano, Texas 75024.

29.     Upon information and belief, Defendant shameblame.com is located in Austin, Texas.

## JURISDICTION AND VENUE

DOCSNY-345387

30.     This action arises under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq.*  This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

31.     This Court has personal jurisdiction over the Defendants because, upon information and belief, all of the Defendants transact business within this judicial district and because Defendants have committed acts of infringement of Balthaser's patent in this State and within this District.

32.     Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) and (c), and pursuant to § 1400(b).

## INFRINGEMENT OF U.S. PATENT NO. 7,000,180

33.     Balthaser realleges and incorporates by reference paragraphs 1-32 of this First Amended Complaint as if fully set forth herein.

34.     Balthaser is engaged in the business of creating interactive online productions for its clients.  Balthaser uses technology to allow its customers to design rich media website applications.   Balthaser was founded in 1999 and has been in business continuously since.

35.     Balthaser is the sole and exclusive owner by assignment of United States Patent No. 7,000,180 B2 to Neil Balthaser entitled "METHODS, SYSTEMS, AND PROCESSES FOR THE DESIGN AND CREATION OF RICH-MEDIA APPLICATIONS VIA THE INTERNET" (the "`180 patent").  The `180 patent was duly and legally issued by

DOCSNY-345387

the United States Patent and Trademark Office on Feb. 14, 2006.  A true and correct copy of the `180 patent is attached hereto as Exhibit A.

36.      Upon information and belief, Defendant Network Solutions, LLC has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the `180 Patent in the State of Texas, in this District, and elsewhere in the United States by, among other thing, operating websites covered by one or more claims of the `180 Patent to the injury of Balthaser.  Defendant Network Solutions, LLC is thus liable for infringement of the `180 Patent pursuant to 35 U.S.C. § 271.

37.      Upon information and belief, Defendant The Knot, Inc. has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the `180 Patent in the State of Texas, in this District, and elsewhere in the United States by, among other thing, operating websites covered by one or more claims of the `180 Patent to the injury of Balthaser.  Defendant The Knot, Inc. is thus liable for infringement of the `180 Patent pursuant to 35 U.S.C. § 271.

38.      Upon information and belief, Defendant Insider Guides, Inc. has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the `180 Patent in the State of Texas, in this District, and elsewhere in the United States by, among other thing, operating websites covered by one or more claims of the `180 Patent to the injury of Balthaser.  Defendant Insider Guides, Inc. is thus liable for infringement of the `180 Patent pursuant to 35 U.S.C. § 271.

8

39.     Upon information and belief, Defendant Cyworld Inc. has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the `180 Patent in the State of Texas, in this District, and elsewhere in the United States by, among other thing, operating websites covered by one or more claims of the `180 Patent to the injury of Balthaser.  Defendant Cyworld Inc. is thus liable for infringement of the `180 Patent pursuant to 35 U.S.C. § 271.

40.     Upon information and belief, Defendant FriendFinder California Inc. has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the `180 Patent in the State of Texas, in this District, and elsewhere in the United States by, among other thing, operating websites covered by one or more claims of the `180 Patent to the injury of Balthaser.  Defendant FriendFinder California Inc. is thus liable for infringement of the `180 Patent pursuant to 35 U.S.C. § 271.

41.     Upon information and belief, Defendant Various, Inc. has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the `180 Patent in the State of Texas, in this District, and elsewhere in the United States by, among other thing, operating websites covered by one or more claims of the `180 Patent to the injury of Balthaser.  Defendant Various, Inc. is thus liable for infringement of the `180 Patent pursuant to 35 U.S.C. § 271.

42.     Upon information and belief, Defendant Global Alphabet, Inc. has been and now is directly infringing, and indirectly infringing by way of inducing infringement

9

and/or contributing to the infringement of the `180 Patent in the State of Texas, in this District, and elsewhere in the United States by, among other thing, operating websites covered by one or more claims of the `180 Patent to the injury of Balthaser.  Defendant Global Alphabet, Inc. is thus liable for infringement of the `180 Patent pursuant to 35 U.S.C. § 271.

43.      Upon information and belief, Defendant Hi5 Networks, Inc. has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the `180 Patent in the State of Texas, in this District, and elsewhere in the United States by, among other thing, operating websites covered by one or more claims of the `180 Patent to the injury of Balthaser.  Defendant Hi5 Networks, Inc. is thus liable for infringement of the `180 Patent pursuant to 35 U.S.C. § 271.

44.      Upon information and belief, Defendant Freewebs, Inc. has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the `180 Patent in the State of Texas, in this District, and elsewhere in the United States by, among other things, operating websites covered by one or more claims of the `180 Patent to the injury of Balthaser.  Defendant Freewebs, Inc. is thus liable for infringement of the `180 Patent pursuant to 35 U.S.C. § 271.

45.      Upon information and belief, Defendant Gaia Interactive Inc. has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the `180 Patent in the State of Texas, in this District, and elsewhere in the United States by, among other thing, operating websites covered by one or

DOCSNY-345387

more claims of the `180 Patent to the injury of Balthaser.  Defendant Gaia Interactive Inc. is thus liable for infringement of the `180 Patent pursuant to 35 U.S.C. § 271.

46.      Upon information and belief, Defendant Friendster Inc. has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the `180 Patent in the State of Texas, in this District, and elsewhere in the United States by, among other thing, operating websites covered by one or more claims of the `180 Patent to the injury of Balthaser.  Defendant Friendster Inc. is thus liable for infringement of the `180 Patent pursuant to 35 U.S.C. § 271.

47.      Upon information and belief, Defendant Ebaum's World, Inc. has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the `180 Patent in the State of Texas, in this District, and elsewhere in the United States by, among other thing, operating websites covered by one or more claims of the `180 Patent to the injury of Balthaser.  Defendant Ebaum's World, Inc. is thus liable for infringement of the `180 Patent pursuant to 35 U.S.C. § 271.

48.      Upon information and belief, Defendant Puma North America, Inc. has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the `180 Patent in the State of Texas, in this District, and elsewhere in the United States by, among other thing, operating websites covered by one or more claims of the `180 Patent to the injury of Balthaser.  Defendant

11

Puma North America, Inc. is thus liable for infringement of the `180 Patent pursuant to 35 U.S.C. § 271.

49.     Upon information and belief, Defendant Imeem, Inc. has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the `180 Patent in the State of Texas, in this District, and elsewhere in the United States by, among other thing, operating websites covered by one or more claims of the `180 Patent to the injury of Balthaser.  Defendant Imeem, Inc. is thus liable for infringement of the `180 Patent pursuant to 35 U.S.C. § 271.

50.     Upon information and belief, Defendant Scripps Networks, LLC has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the `180 Patent in the State of Texas, in this District, and elsewhere in the United States by, among other thing, operating websites covered by one or more claims of the `180 Patent to the injury of Balthaser.  Defendant Scripps Networks, LLC is thus liable for infringement of the `180 Patent pursuant to 35 U.S.C. § 271.

51.     Upon information and belief, Defendant Live Journal Inc. has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the `180 Patent in the State of Texas, in this District, and elsewhere in the United States by, among other thing, operating websites covered by one or more claims of the `180 Patent to the injury of Balthaser.  Defendant Live Journal Inc. is thus liable for infringement of the `180 Patent pursuant to 35 U.S.C. § 271.

DOCSNY-345387

52.     Upon information and belief, Defendant Nike, Inc. has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the `180 Patent in the State of Texas, in this District, and elsewhere in the United States by, among other thing, operating websites covered by one or more claims of the `180 Patent to the injury of Balthaser.  Defendant Nike, Inc. is thus liable for infringement of the `180 Patent pursuant to 35 U.S.C. § 271.

53.     Upon information and belief, Defendant Ning, Inc. has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the `180 Patent in the State of Texas, in this District, and elsewhere in the United States by, among other thing, operating websites covered by one or more claims of the `180 Patent to the injury of Balthaser.  Defendant Ning, Inc. is thus liable for infringement of the `180 Patent pursuant to 35 U.S.C. § 271.

54.     Upon information and belief, Defendant Swatchbox Technologies, Inc. has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the `180 Patent in the State of Texas, in this District, and elsewhere in the United States by, among other thing, operating websites covered by one or more claims of the `180 Patent to the injury of Balthaser.  Defendant Swatchbox Technologies, Inc. is thus liable for infringement of the `180 Patent pursuant to 35 U.S.C. § 271.

55.     Upon information and belief, Defendant Electronic Arts Inc. has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or

13

contributing to the infringement of the `180 Patent in the State of Texas, in this District, and elsewhere in the United States by, among other thing, operating websites covered by one or more claims of the `180 Patent to the injury of Balthaser.  Defendant Electronic Arts Inc. is thus liable for infringement of the `180 Patent pursuant to 35 U.S.C. § 271.

56.     Upon information and belief, Defendant Hookumu Inc. has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the `180 Patent in the State of Texas, in this District, and elsewhere in the United States by, among other thing, operating websites covered by one or more claims of the `180 Patent to the injury of Balthaser.  Defendant Hookumu Inc. is thus liable for infringement of the `180 Patent pursuant to 35 U.S.C. § 271.

57.     Upon information and belief, Defendant Meredith Corp. has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the `180 Patent in the State of Texas, in this District, and elsewhere in the United States by, among other thing, operating websites covered by one or more claims of the `180 Patent to the injury of Balthaser.  Defendant Meredith Corp. is thus liable for infringement of the `180 Patent pursuant to 35 U.S.C. § 271.

58.     Upon information and belief, Defendant Capcom USA, Inc. has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the `180 Patent in the State of Texas, in this District, and elsewhere in the United States by, among other thing, operating websites covered by one or

DOCSNY-345387

more claims of the `180 Patent to the injury of Balthaser.  Defendant Capcom USA, Inc. is thus liable for infringement of the `180 Patent pursuant to 35 U.S.C. § 271.

59.     Upon information and belief, Defendant Art Star Design LLC has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the `180 Patent in the State of Texas, in this District, and elsewhere in the United States by, among other thing, operating websites covered by one or more claims of the `180 Patent to the injury of Balthaser.  Defendant Art Star Design LLC is thus liable for infringement of the `180 Patent pursuant to 35 U.S.C. § 271.

60.     Upon information and belief, Defendant Interaria has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the `180 Patent in the State of Texas, in this District, and elsewhere in the United States by, among other thing, operating websites covered by one or more claims of the `180 Patent to the injury of Balthaser.  Defendant Interaria is thus liable for infringement of the `180 Patent pursuant to 35 U.S.C. § 271.

61.     Upon information and belief, Defendant Booker Entities, Inc. has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the `180 Patent in the State of Texas, in this District, and elsewhere in the United States by, among other thing, operating websites covered by one or more claims of the `180 Patent to the injury of Balthaser.  Defendant

DOCSNY-345387

Booker Entities, Inc. is thus liable for infringement of the `180 Patent pursuant to 35 U.S.C. § 271.

62.     Upon information and belief, Defendant Big Jump Media, Inc. has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the `180 Patent in the State of Texas, in this District, and elsewhere in the United States by, among other thing, operating websites covered by one or more claims of the `180 Patent to the injury of Balthaser.  Defendant Big Jump Media, Inc. is thus liable for infringement of the `180 Patent pursuant to 35 U.S.C. § 271.

63.     Upon information and belief, Defendant shameblame.com has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the `180 Patent in the State of Texas, in this District, and elsewhere in the United States by, among other thing, operating websites covered by one or more claims of the `180 Patent to the injury of Balthaser.  Defendant shameblame.com is thus liable for infringement of the `180 Patent pursuant to 35 U.S.C. § 271.

64.     In violation of 35 U.S.C. § 271(a), Defendants have made, used, offered to sell, and/or sold in the United States and/or imported into the United States methods, systems, and processes that infringe one or more claims of the `180 patent either literally or under the doctrine of equivalents.

DOCSNY-345387

65.     Defendants also have actively induced the infringement of or contributed to the infringement of, one or more claims of the `180 patent in violation of 35 U.S.C. §§ 271(b) and (c).

66.     Upon information and belief, the infringement of the `180 patent by Defendants has occurred with knowledge of the `180 patent, has been reckless and thus has been willful.

67.     Balthaser has suffered and will continue to suffer serious irreparable injury unless Defendants' infringement of the `180 patent is enjoined.

68.     Balthaser does not have an adequate remedy at law.

69.     As a result of Defendants' wrongful conduct, Balthaser has also been damaged in an amount to be determined at trial but in no case less than a reasonable royalty.

## **REQUESTED RELIEF**

WHEREFORE, Balthaser respectfully requests that this Court grant Balthaser the following relief:

A. A judgment that Defendants (individually and collectively) have infringed one or more claims of the `180 patent in violation of 35 U.S.C. §§ 271(a), (b), and (c);

DOCSNY-345387

B. A judgment that Defendants' infringement of the `180 patent has been willful;

C. An order pursuant to 35 U.S.C. § 283,  permanently enjoining Defendants, and all persons in active concert or participation with Defendants, from any further acts of infringement, inducement of infringement, or contributory infringement of the `180 patent;

D. An award of damages, pursuant to 35 U.S.C. § 284, adequate to compensate Balthaser for Defendants' infringement of the `180 patent, in an amount to be determined at trial, but in no event less than a reasonable royalty;

E. An order for an accounting of all sales and revenues derived in connection with activities and conduct found to infringe the `180 patent, including sales and revenues through the date of trial and thereafter;

F. An order, pursuant to 35 U.S.C. § 284, and based on Defendants' willful infringement of the `180 patent, enhancing all damages awarded to Balthaser by trebling such damages;

G. An order, pursuant to 35 U.S.C. § 284, awarding to Balthaser interest on damages and its costs incurred in this action;

DOCSNY-345387

H. An order, pursuant to 35 U.S.C. § 285, awarding to Balthaser its reasonable attorneys' fees incurred in this action; and

I.  Such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all claims asserted herein.

Dated:  January 15, 2009

/s/ Sam Baxter
Samuel F. Baxter
Texas Bar No. 01938000
sbaxter@mckoolsmith.com
Gary Kitchen
Texas Bar No. 24033656
gkitchen@mckoolsmith.com
McKOOL SMITH, P.C.
104 East Houston Street, Suite 300
Marshall, Texas 75670
Telephone: (903) 923-9000
Facsimile: (903) 923-9099

- and -

Alfred R. Fabricant
fabricanta@dicksteinshapiro.com
Lawrence C. Drucker
druckerl@dicksteinshapiro.com
Cindy Yang
yangc@dicksteinshapiro.com
DICKSTEIN SHAPIRO LLP
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 277-6500
Facsimile: (212) 277-6501

*Attorneys for Plaintiff Balthaser Online, Inc.*

DOCSNY-345387

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a), and therefore served on all counsel who have consented to electronic service.  Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by electronic mail and overnight delivery, on this 15th day of January 2009.

                        _/s/ Sam Baxter_____

DOCSNY-345387