DICKSTEIN SHAPIRO LLP
Alfred R Fabricant (admitted *pro hac vice*)
fabricanta@dicksteinshapiro.com
Lawrence C. Drucker (admitted *pro hac vice*)
druckerl@dicksteinshapiro.com
Cindy Yang (admitted *pro hac vice*)
yangc@dicksteinshapiro.com
Bryan N. DeMatteo (admitted *pro hac vice*)
dematteob@dicksteinshapiro.com
1633 Broadway
New York, NY 10019-6708
Telephone: (212) 277-6500
Fax: (212) 277-6501

and

Lawrence R. LaPorte (SBN 130003)
laporte@dicksteinshapiro.com
2049 Century Park East, Suite 700
Los Angeles, CA 90067

Attorneys for Plaintiff
BALTHASER ONLINE, INC.

*Additional Counsel Listed Below*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| BALTHASER ONLINE, INC., | No. 3:09-cv-05422-RS (PVT) |
| Plaintiff, | |
| v. | **JOINT CASE MANAGEMENT CONFERENCE STATEMENT** |
| ART STAR DESIGN LLC, et al. | Date: None set |
| Defendants. | Time: None set |
| | Judge: Hon. Richard Seeborg |

1

DICKSTEIN
SHAPIRO LLP

DOCSNY-409701v02

Pursuant to Fed. R. Civ. P. 26(f) and the Reassignment Order dated March 18, 2010 and e-filed on March 19, 2010, Plaintiff Balthaser Online, Inc. ("Balthaser") and Defendants CyWorld, Inc., Electronic Arts, Inc., Freewebs, Inc., Gaia, Inc., Insider Guides, Inc., Live Journal, Inc., Meredith Corp., Ning, Inc., Scripps Networks, LLC, Friendfinder California, Inc., Various, Inc., Global Alphabet, Inc., Capcom USA, hi5 Networks, Inc., The Knot, Inc., Nike, Inc., Puma North America, Inc., Swatchbox Technologies, Inc., and 20/20 Icovia, Inc. (f/k/a Hookumu Inc.) ("Defendants")[1] respectfully submit their Joint Case Management Statement in connection with the above-caption action:

## 1.    Date Case Was Filed

This patent infringement case was originally filed on November 4, 2008 in the Eastern District of Texas.  Balthaser Online, Inc. ("Balthaser") filed its Complaint in the United States District Court for the Eastern District of Texas, Marshall Division, commencing this case.  On January 15, 2009, Plaintiff filed its First Amended Complaint.  The First Amended Complaint names 28 defendants.

As further discussed in Section 4 herein, the District Court for the Eastern District of Texas granted-in-part a Motion to Transfer Venue Under 28 U.S.C. § 1404(a) on September 15, 2009, which transferred this case concerning the Defendants to this Court.

## 2.    List of All Parties

Below is a list of the current parties and their respective counsel in the subject case:

---

[1]  Defendant Ebaum's World is currently without counsel in this case.  *See* March 30, 2010 Order Granting Motions to Withdraw, D.I. 443.  Prior to filing this Statement with the Court, Balthaser forwarded this Joint Case Management Statement to Steve Rush, Esq. of Rush Law Group (former counsel for defendant Ebaum's World).  However, as of the filing of this Statement, Balthaser has not heard from defendant Ebaum's World regarding whether it will join in this Statement.

Joint Case Management Conference Statement
No. 3:09-cv-05422-RS (PVT)

DICKSTEIN
SHAPIRO LLP

DOCSNY-409701v02

| Party | Counsel |
|---|---|
| Plaintiff Balthaser Online, Inc. | Dickstein Shapiro LLP |
| Defendant CyWorld, Inc.<br>Defendant Electronic Arts, Inc.<br>Defendant Freewebs, Inc.<br>Defendant Gaia, Inc.<br>Defendant Insider Guides, Inc.<br>Defendant Live Journal, Inc.<br>Defendant Meredith Corp.<br>Defendant Ning, Inc.<br>Defendant Scripps Networks, LLC | Gibson, Dunn & Crutcher LLP |
| Defendant Friendfinder California, Inc.<br>Defendant Various, Inc.<br>Defendant Global Alphabet, Inc. | Fenwick & West LLP; Rothken Law Firm |
| Defendant Capcom USA | Fenwick & West LLP |
| Defendant hi5 Networks, Inc. | Cooley Godward Kronish LLP |
| Defendant The Knot, Inc. | Chadbourne & Parke LLP |
| Defendant Nike, Inc. | Banner & Witcoff, Ltd. |
| Defendant Puma North America, Inc. | Brown Rudnick LLP; Dergosits & Noah LLP |
| Defendant Swatchbox Technologies, Inc. | Schiffer Odom Hicks & Johnson |
| Defendant 20/20 Icovia, Inc. (f/k/a Hookumu Inc.) | Law Offices of James Mills |
| Defendant Ebaum's World, Inc. | *None (see March 30, 2010 Order Granting Motions to Withdraw, D.I. 443)* |
| Defendant Booker Entities, Inc. | *Have not made an appearance in this case, and is therefore in default* |

As of the filing of this Statement, defendants Network Solutions, Inc. Friendster, Inc. and imeem, inc. have been dismissed.

### 3.    Summary of All Claims, Counter-Claims, Cross-Claims, Third Party Claims

Plaintiff alleges that Defendants have been and are now directly infringing, contributorily infringing and/or inducing infringement of the U.S. Patent No. 7,000,180, issued on Feburary 16, 2006 and is entitled "Methods, Systems, and Processes for the Design and Creation of Rich-Media Applications via the Internet" (the "patent-in-suit" or "'180 patent") by, among other things, operating websites covered by one or more of the claims of the patent-in-suit.

DICKSTEIN
SHAPIRO LLP

DOCSNY-409701v02

Defendants deny Plaintiff's infringement allegations and allege that the patent-in-suit is invalid pursuant to 35 U.S.C. §§ 101 et seq.  Defendants have also asserted other affirmative defenses and have asserted counterclaims for declaratory judgment of noninfringement and invalidity.  Defendant Nike has alleged inequitable conduct.

As of the filing of this Statement, no cross-claims or third party claims have been asserted in the subject case.

### 4.      Brief Description of the Events Underlying the Action

This patent infringement case was originally filed on November 4, 2008 in the Eastern District of Texas, Marshall Division, and concerns only one patent -- the '180 patent.  The '180 patent is directed to a method and computer process which allows users to create, modify and maintain a rich-media application on a host website via the Internet.  Neil Balthaser is the sole inventor named on the patent-in-suit.  Defendants are largely unrelated companies (with the exception of Various, Inc., FriendFinder California, Inc. and Global Alphabet, Inc., which are corporate affiliates) each of which operates one or more Web sites that have been accused of infringement.

On February 3, 2009, certain defendants (*i.e.,* Cyworld, Inc., Capcom USA Inc., Electronic Arts Inc., FriendFinder California Inc., Friendster, Inc., Gaia Interactive, Inc., Global Alphabet, Inc., Hi5 Networks, inc., Imeem, Inc., Live Journal Inc., Ning, Inc. and Various, Inc.) filed a Motion to Transfer Venue Under 28 U.S.C. § 1404(a) (the "Transfer Motion").  The District Court for the Eastern District of Texas granted-in-part the Transfer Motion on September 15, 2009. The claims and counterclaims involving all of the defendants, with exception of Art Star Design LLC, Interaria, Big Jump Media, Inc. and shameblame.com, were transferred to this Court.

DICKSTEIN
SHAPIRO LLP

DOCSNY-409701v02

Fact discovery remains in the early stages, and the parties have yet to exchange disputed claim terms.  The claims have yet to be construed by a Court.

There is one pending patent infringement case which involve the same patent-in-suit: *Balthaser Online, Inc. v. Kimberly Clark Corp., et al*., Civil Action No. 2:08-cv-00188-JW (E.D. Texas).

### 5.   Description of Relief Sought and Damages Claimed

Balthaser seeks from each Defendant damages in the form of lost profits and/or a reasonable royalty, as permitted under 35 U.S.C. § 284, an accounting for damages, interest on damages and its costs incurred in this case, treble damages for willful infringement, a permanent injunction, and attorneys' fees and costs for Defendant's willful infringement of the '180 patent. Plaintiff also seeks an award under 35 U.S.C. § 285 based on a finding that this is an exceptional case.  Balthaser requires discovery to provide reliable input on the precise amount of damages and the calculation thereof.

Defendants deny that Plaintiff is entitled to damages of any form, attorneys fees or costs, deny any allegations of willful infringement, and further contend that because Plaintiff failed to provide notice of its infringement allegations before this action was filed, Defendants cannot be liable for enhanced damages for alleged willful infringement pursuant to *In re Seagate*, 497 F.3d 1360 (Fed. Cir. 2007) (en banc).  Defendants also deny that Plaintiff would be entitled to a permanent injunction, pursuant to e*Bay Inc. v. MercExchange, Inc.*, 547 U.S. 388 (2006).

### 6.   Status of Discovery

Prior to the transfer, fact and third-party discovery commenced April 15, 2009, while the case was in the Eastern District of Texas ("E.D. Texas").  However, fact and third-party discovery remain in the early stages, no depositions have yet to be taken by any party, and the parties

DICKSTEIN
SHAPIRO LLP

DOCSNY-409701v02

have not yet exchanged disputed claim terms.  Balthaser and Defendants served their respective Initial Disclosures on May 29, 2009, while the action was in the E.D. Texas.  On May 29, 2009, Balthaser served on each of the Defendants its Infringement Contentions and an accompanying production of documents under E.D. Texas Local Rules 3-1 and 3-2.  On August 28, 2009, Defendants served their Invalidity Contentions and accompanying production under the E.D. Texas Local Rules 3-3 and 3-4.

Balthaser and the Defendants have served on each other interrogatories and documents requests.  However, as explained further below regarding search terms for electronically stored information ("ESI"), other than producing documents under E.D. Texas Local Rules 3-2 or 3-4, neither side has produced documents responsive to such discovery requests.

### *Balthaser's Statement Regarding Search Terms for ESI*

While the case was pending in the E.D. Texas, the parties agreed to work together regarding finalizing search terms for each Defendants' ESI.[2]  However, despite numerous follow-up requests to work with counsel for each Defendant regarding search for Defendants' ESI, and Balthaser's forwarding of the proposed list of search terms of August 5, 2009, the Defendants (with the exception of defendant Nike, Inc.) have not worked with Balthaser in finalizing a search term list for their respective ESI prior to the transfer of this case to this District.  Since the transfer, Balthaser has received only two responses (a letter dated April 2, 2010 from Gibson Dunn on behalf of its nine represented defendants and a letter dated April 5, 2010 from defendant Puma North America, Inc.) regarding Balthaser's August 5, 2009 search term proposal, both of which propose further delays in

---

[2]  Defendants also agreed that they would work with Balthaser regarding search terms for Balthaser's ESI.  However, despite numerous requests, Defendants have yet to provide Balthaser a list of proposed search terms.

6

Joint Case Management Conference Statement
No. 3:09-cv-05422-RS (PVT)

finalizing search terms.  With respect to Nike, Inc., Balthaser has yet to receive a response from Nike, Inc. regarding its proposed amended search terms forwarded on September 21, 2009.

    To ensure that discovery in this case moves forward, Balthaser requests that the Court set **thirty-one (31) days from the Case Management Conference** as the deadline for Balthaser and Defendants to finalize search terms for Balthaser's and each Defendant's respective ESI, and set **forty-five (45) days thereafter** as the deadline for all parties to produce relevant documents (including paper and ESI) responsive to outstanding discovery requests.

### *Defendants' Statement Regarding Search Terms for ESI*

    While the case was pending in the E.D. Texas, the parties agreed to work together regarding finalizing search terms for each Defendant's ESI.  However, although the parties filed their Stipulated Order Regarding Document Production Format on May 29, 2009, Plaintiff did not forward to Defendants a proposed list of search terms until August 5, 2009.  That list included more than 300 separate terms, including the names of individual Defendants and generic terms such as "web page" and "web site."  Defendants took the position that such a list would potentially capture every electronic document in the possession of many, if not all, Defendants.   Defendant Nike provided a counter-proposal including a shorter list of search terms before the Motion to Transfer Venue was granted-in-part on September 15, 2009, but the other Defendants had not yet done so by that time.  At least nine other Defendants have provided counter-proposals since that time, and others are currently attempting to reduce the hundreds of terms Plaintiff provided to a workable number.  In the meantime, Plaintiff has refused requests from certain Defendants to produce specific responsive documents, such as settlement agreements with dismissed defendants, until the parties reach agreement on search terms.

Joint Case Management Conference Statement
No. 3:09-cv-05422-RS (PVT)

DICKSTEIN
SHAPIRO LLP

DOCSNY-409701v02

Defendants do not oppose the request for the deadline for finalizing search terms or other document collection approaches, but contend that the document production deadline is impractical and inconsistent with ordinary practice in this District.

### *Agreed-Upon Discovery Limits*

The Parties have previously agreed that the discovery limits set forth in the Federal Rules of Civil Procedure be modified as shown in **Appendix A**.

### *Protective Order and Document Production Format*

The parties shall submit a Protective Order, which shall include document production format provisions addressing issues regarding documents maintained in electronic form in a party's ordinary course of business or scanned into electronic form before the date of production, no later than **April 30, 2010**.

### 7.     **Procedural History of the Case**

This action was originally transferred to Magistrate Judge Patricia V. Trumbell (*see* D.I. 359) and later to Judge Jeremy Fogel (*see* D.I. 385).  However, the parties have yet to attend a Case Management Conference before this Court.  This is the first Joint Case Management Statement filed with this Court in connection with the subject case.

There are no outstanding pending motions at this time.[3]

---

[3]   On June 26, 2009, certain defendants (*i.e.*, Friendster Inc., Imeem, Inc., Scripps Networks, LLC, LiveJournal Inc., Nike, Inc., Ning, Inc., Electronic Arts Inc., Hookumu Inc., Meredith Corp., Capcom USA, Inc., FriendFinder California Inc., Various Inc., Puma North America, Inc., Global Alphabet, Inc., Insider Guides, Inc., Cyworld, Inc., Freewebs, Inc., and Gaia Interactive Inc.) filed a Motion to Compel Sufficient Patent Local Rule 3-1 Disclosures from Plaintiff Balthaser ("Motion to Compel") (D.I. 306).  Briefing on the Motion to Compel was completed on August 13, 2009.  *See* June 26, 2009 Plaintiff's Opposition, August 3, 2009 Defendants' Reply, and August 13, 2009 Plaintiff's Surreply, D.I. 311, 317 & 345, respectively.  Because the case concerning the moving defendants was transferred to this jurisdiction, the District Court for

8

DICKSTEIN
SHAPIRO LLP

DOCSNY-409701v02

With respect to ADR, the parties agree to private mediation, but have yet to agree on a particular private mediator. Balthaser proposes either Hon. Dickran M. Tevrizian (JAMS) or Hon. Eugene F. Lynch (JAMS) to act as private mediator.

**8.      Other Deadlines in Place Prior to Reassignment**

There are no deadlines in place prior to reassignment.

**9.      Any Requested Modification of These Dates**

The parties have attempted to negotiate a case management schedule for this case. Balthaser's and Defendants' competing scheduling proposals are set forth in **Appendix B**.

**10.      Consent to Magistrate Judge for Trial**

The parties do not consent to have a magistrate judge for trial.

**11.      Whether Judge Seeborg Has Previously Conducted a Settlement Conference in this Case**

Judge Seeborg has not conducted a settlement conference in this case.

**12.      If There Exists An Immediate Need For A Case Management Conference to be Scheduled in the Action**

This case has not been operating under a case management schedule since the September 15, 2009 Transfer Order, and, as a result, has been delayed for over six (6) months. Thus, Balthaser respectfully requests that a case management conference be immediately scheduled for this case.

---

the Eastern District of Texas denied the Motion to Compel as moot. *See* October 22, 2009 Order, D.I. 357.

DICKSTEIN
SHAPIRO LLP

DOCSNY-409701v02

1

2

DATED:  April 5, 2010

DICKSTEIN SHAPIRO LLP

3

4

By: ___/s/ Alfred R. Fabricant_____
Alfred R Fabricant*
fabricanta@dicksteinshapiro.com

5

6

Lawrence C. Drucker*
druckerl@dicksteinshapiro.com
Cindy Yang*

7

yangc@dicksteinshapiro.com
Bryan N. DeMatteo*

8

dematteob@dicksteinshapiro.com
DICKSTEIN SHAPIRO LLP

9

1633 Broadway
New York, NY 10019-6708

10

Telephone: (212) 277-6500
Fax: (212) 277-6501

11

12

and

13

Lawrence R. LaPorte (SBN 130003)
laporte@dicksteinshapiro.com

14

DICKSTEIN SHAPIRO LLP
2049 Century Park East, Suite 700

15

Los Angeles, CA 90067

16

*Admitted *pro hac vice*

17

Attorneys for Plaintiff BALTHASER

18

ONLINE, INC.

19

20

DATED:  April 5, 2010

GIBSON, DUNN & CRUTCHER LLP

21

22

By : ___/s/ Sarah E. Piepmeier_____
Wayne M. Barsky (SBN 116731)
Sarah E. Piepmeier (SBN 227094)

23

GIBSON, DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000

24

San Francisco, CA 94105

25

Telephone: (415) 393-8200
Facsimile: (415) 374-8404

26

27

10

28

Joint Case Management Conference Statement
No. 3:09-cv-05422-RS (PVT)

DICKSTEIN
SHAPIRO LLP

DOCSNY-409701v02

Attorneys for Defendants CYWORLD, INC., ELECTRONIC ARTS, INC., FREEWEBS, INC., GAIA, INC., INSIDER GUIDES, INC., LIVE JOURNAL, INC., MEREDITH CORP., NING, INC., and SCRIPPS NETWORKS, LLC

DATED:  April 5, 2010

FENWICK & WEST LLP

By : ___/s/ Michael J. Sacksteder_____
     Darryl M. Woo (SBN 100513)
     Michael J. Sacksteder (SBN 191605)
     FENWICK & WEST LLP
     555 California Street, 12th Floor
     San Francisco, CA 94104
     Telephone: (415) 875-2300
     Facsimile: (415) 281-1350

Attorneys for Defendants FRIENDFINDER CALIFORNIA, INC., VARIOUS, INC, GLOBAL ALPHABET, INC., and CAPCOM USA

DATED:  April 5, 2010

ROTHKEN LAW FIRM

By : ___/s/ Ira P. Rothken_____
     Ira P. Rothken (SBN 160029)
     ROTHKEN LAW FIRM
     53 Hamilton Landing, Suite 280
     Novato, CA 94949
     Telephone: (415) 924-4250
     Facsimile: (415) 924-2905

Attorneys for Defendants FRIENDFINDER CALIFORNIA, INC., VARIOUS, INC, and GLOBAL ALPHABET, INC.

DATED:  April 5, 2010

COOLEY GODWARD KRONISH LLP

By : ____/s/ Lowell D. Mead_____
     Timothy S. Teter (SBN 171451)
     Lowell D. Mead (SBN 223989)

11

DICKSTEIN
SHAPIRO LLP

DOCSNY-409701v02

1
COOLEY GODWARD KRONISH
LLP

2
Five Palo Alto Square

3
3000 El Camino Real
Palo Alto, CA 94306-2155

4
Telephone: (650) 843-5000
Facsimile: (650) 857-0663

5

6
Attorneys for Defendant HI5 NETWORKS,
INC.

7

8
DATED:  April 5, 2010
CHADBOURNE & PARKE LLP

9
By :  /s/ John M. Hintz

10
John M. Hintz*
CHADBOURNE & PARKE LLP

11
30 Rockefeller Plaza
New York, NY 10112

12
Telephone: (212) 408-1036
Fax: (212) 541-5369

13
Email:  jhintz@chadbourne.com

14
and

15

16
Duane R. Valz (CA Bar No. 184586)
CHADBOURNE & PARKE LLP

17
350 South Grand Avenue, 32nd Floor
Los Angeles, CA  90071

18
Telephone:  213-892-1000
Fax:  213-892-2045

19
Email:  dvalz@chadbourne.com

20
*Admitted *pro hac vice*

21
Attorneys for Defendant THE KNOT, INC.

22

23
DATED:  April 5, 2010
BANNER & WITCOFF, LTD.

24
By :   /s/ Thomas K. Pratt
Christopher J. Renk, IL 6199012*

25
Thomas K. Pratt, IL 6209761*

26
Timothy C. Meece, IL 6226967*
BANNER & WITCOFF, LTD.

27
12

28
Joint Case Management Conference Statement
No. 3:09-cv-05422-RS (PVT)

DOCSNY-409701v02

1
2
3

        10 S. Wacker Drive, Ste. 3000
        Chicago, IL 60606
        Telephone : (312) 463-5000
        Facsimile : (312) 463-5001

4

        and

5
6
7
8

        David R. Sugden (SBN 218465)
        CALL JENSEN & FERRELL
        610 Newport Center Drive, Suite 700
        Newport Beach, CA 92660
        Telephone: (949) 717-3000
        Facsimile: (949) 717-3100

9

      Attorneys for Defendant NIKE, INC.

10

      *Admitted *pro hac vice*

11

12   DATED:  April 5, 2010            DERGOSITS & NOAH LLP

13

14

      By : __/s/ Michael E. Dergosits_____
         Michael E. Dergosits (SBN 118206)

15

         Teddy K. Joe (SBN 242589)

16

         DERGOSITS & NOAH LLP
         Three Embarcadero Center, Suite 410

17

         San Francisco, CA 94111
         Telephone: (415) 705-6377

18

         Facsimile: (415) 705-6383

19

         and

20
21
22
23

         Edward J. Naughton*
         Matthew P. Sgro*
         BROWN RUDNICK LLP
         One Financial Center
         Boston, MA 02111
         Telephone: (617) 856-8200
         Fax: (617) 856-8201

24

25

      **Admitted *pro hac vice*

26
27

      Attorneys for DEFENDANT PUMA
      NORTH AMERICA, INC.

13

28

DICKSTEIN
SHAPIRO LLP

DOCSNY-409701v02

1

2   DATED:  April 5, 2010                    SCHIFFER ODOM HICKS & JOHNSON

3                                            By :    /s/ Logan E. Johnson
4                                               Logan E. Johnson*
                                               SCHIFFER ODOM HICKS & JOHNSON
5                                              3200 Southwest Freeway, Suite 2390
                                               Houston, Texas 77027
6                                              Tel: 713-357-5150
                                               Fax: 713-357-5160
7
8                                            Attorneys for Defendant SWATCHBOX
                                             TECHNOLOGIES, INC.
9
                                             *Admitted *pro hac vice*
10

11  DATED:  April 5, 2010                    LAW OFFICES OF JAMES MILLS

12                                           By :   /s/ James Mills
13                                              James Mills (SBN 203783)
                                               1300 Clay Street, Suite 600
14                                             Oakland, CA  94612
                                               Telephone: 510-521-8748
15                                             Facsimile: 510-277-1413

16                                           Attorneys for Defendant 20/20 ICOVIA, INC.
17                                           (f/k/a HOOKUMU INC.)

18

19

20

21

22

23

24

25

26

27                                    14
                        Joint Case Management Conference Statement
28                            No. 3:09-cv-05422-RS (PVT)

DICKSTEIN
SHAPIRO LLP

DOCSNY-409701v02

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**ATTESTATION PURSUANT TO GENERAL ORDER NO. 45**

Pursuant to General Order No. 45 of the Northern District of California, I attest that concurrence in the filing of the document has been obtained from each of the other signatories to this document.


By: /s/ Alfred R. Fabricant

Joint Case Management Conference Statement
No. 3:09-cv-05422-RS (PVT)

DICKSTEIN
SHAPIRO LLP

DOCSNY-409701v02

# APPENDIX A

## *Agreed-Upon Discovery Limits*

The Parties have previously agreed that the discovery limits set forth in the Federal Rules of Civil Procedure be modified as follows:

### A.     Interrogatories

**Plaintiff's Interrogatories**: Plaintiff may serve up to thirty (30) interrogatories on each Defendant.  Plaintiff may serve common interrogatories on Defendants, meaning that should Plaintiff serve an interrogatory requesting a response from each Defendant, that counts as a single interrogatory toward Plaintiff.

**Defendants' Interrogatories**: Defendants, jointly, may serve up to twenty (20) common interrogatories on Plaintiff, and each Defendant may serve up to fifteen (15) individual interrogatories on Plaintiff.  Defendants may serve common interrogatories on Plaintiff, meaning that should Defendants serve an interrogatory requesting a response as it relates to each Defendant, that counts as a single interrogatory toward all Defendants.

### B.     Requests for Admission

**Plaintiff's Request for Admissions:**  Plaintiff may serve up to sixty (60) substantive requests for admission on each Defendant.  Plaintiff may serve on each Defendant an unlimited number of requests for admission limited to the authentication of documents.  Plaintiff may serve common requests for admission on Defendants, meaning that should Plaintiff serve a request for admission requesting a response from each Defendant, that counts as a single request for admission toward Plaintiff.

---

16

Joint Case Management Conference Statement
No. 3:09-cv-05422-RS (PVT)

DICKSTEIN
SHAPIRO LLP

**Defendants' Request for Admissions:** Defendants, jointly, may serve up to fifty-five (55) common substantive requests for admissions on Plaintiff, and each Defendant may serve up to thirty-five (35) individual requests for admission on Plaintiff. Defendants, jointly or individually, may serve on Plaintiff an unlimited number of requests for admission limited to the authentication of documents.

Defendants may serve common requests for admission on Plaintiff, meaning that should Defendants serve a request for admission requesting a response as it relates to Plaintiff, that counts as a single request for admission toward all Defendants.

**C.      Requests for Production**

There is no limitation on the number of requests for production that any party may serve. Defendants will make reasonable efforts to avoid duplicative requests for production.

**D.      Depositions**

**(1)  Depositions of Parties Pursuant to Fed. R. Civ. P. 30(b)(6)**

Plaintiff will be permitted up to thirty (30) hours of testimony for each defendant pursuant to Fed. R. Civ. P. 30(b)(6). Defendants collectively will be permitted up to forty-five (45) hours of testimony (in the aggregate) of Plaintiff pursuant to Fed. R. Civ. P. 30(b)(6).

**(2)  Deposition of Parties Pursuant to Fed. R. Civ. P. 30(a)(1)**

Plaintiff will be permitted up to thirty (30) hours of testimony for each defendant pursuant to Fed. R. Civ. P. 30(a)(1). Defendants collectively will be permitted up to forty-five (45) hours of testimony (in the aggregate) of Plaintiff pursuant to Fed. R. Civ. P. 30(a)(1).

**(3)  Deposition of Inventor Neil Balthaser**

Defendants collectively will be permitted up to seventeen (17) hours of testimony (in the aggregate) of Neil Balthaser as the inventor of the Patent-in-Suit. The first seven (7) hours of

17

DICKSTEIN
SHAPIRO LLP

DOCSNY-409701v02

Neil Balthaser's testimony as the inventor shall count solely against the forty-five (45) hours allotted for 30(a)(1) depositions by defendants.

### (4) Deposition of Third Parties

Each side will be permitted up to one-hundred and twenty-five (125) hours of third-party depositions.

### (5) Deposition of Expert Witnesses

Plaintiff will be permitted up to ten (10) hours of testimony per witness; provided, however, that in the event a single witness submits one or more expert reports covering both infringement and either invalidity or unenforceability, plaintiff shall be entitled to up to sixteen (16) hours of testimony with such witness.

Defendants collectively will be permitted up to ten (10) hours of testimony (in the aggregate) per witness for examination on issues common to defendants; provided, however, that in the event a single witness submits one or more expert reports covering both infringement and either invalidity or unenforceability, defendants collectively shall be permitted up to fourteen (14) hours of testimony (in the aggregate) from such witness for examination on issues common to defendants.

Additionally, each individual defendant gets up to an additional two (2) hours of testimony per witness for examination on issues specific to an individual defendant.  An individual defendant cannot transfer any or all of its unused additional two (2) hours per witness to another individual defendant.

### (6) Depositions on Written Questions:

There are no limits on the number of depositions upon written questions taken pursuant to Fed. R. Civ. P. 31.

### (7) Cross-Examination Testimony

DOCSNY-409701v02

DICKSTEIN
SHAPIRO LLP

Time spent by one party on cross-examination of a witness noticed or subpoenaed by another party shall count toward the cross-examining party's time limits regarding deposition testimony set forth above.

### (8)  Depositions on Topics Common to Defendants

Depositions regarding topics common to defendants, one (1) lead counsel per deposition shall cover the common and background testimony of the deposition of the Plaintiff, Plaintiff's employees, inventor Neil Balthaser, expert witnesses and third party witnesses.  This provision does not preclude additional counsel for any defendant from attending and asking non-duplicative questions (except as reasonably necessary to lay appropriate foundation for follow-up questions) at the conclusion of lead counsel's questioning.  Defendants shall make reasonable efforts to avoid duplicative questioning.

### E.  Third Party Subpoenas

The parties agree that each side may serve no more than fifty (50) third party subpoenas.

### F.  Draft Expert Reports

Draft expert reports, draft expert declarations, and draft expert affidavits shall not be discoverable.

### G.  Privilege Log

Privileged documents created on or after November 4, 2008 need not be identified on a party's privilege log, except for documents containing information falling under Patent L.R. 3-7.

DICKSTEIN
SHAPIRO LLP

DOCSNY-409701v02

## APPENDIX B

The parties present the following competing case management scheduling proposals (if a proposed date falls on Saturday, Sunday or on a Federal holiday, the proposed date will be moved to the next succeeding business day which is not a Saturday, Sunday or a Federal holiday):

| STEP | ACTION | RULE(S) | BALTHASER'S PROPOSED DATE | DEFENDANTS' PROPOSED DATE |
|------|--------|---------|---------------------------|----------------------------|
| (1) | Patentee serves Amended Disclosure of Asserted Claims and Preliminary Infringement Contentions with Document Production Accompanying Disclosure | Patent L.R. 3-1 & 3-2 | 14 days after Case Management Conference | Date of Case Management Conference (previous ED TX contentions deemed served on this date) |
| (2) | Accused Infringer serves Amended Preliminary Invalidity Contentions with Document production Accompanying Disclosure | Patent L.R. 3-3 & 3-4 | 45 days after Step 1 | Date of Case Management Conference (previous ED TX contentions deemed served on this date) |
| (3) | Patentee narrows asserted claims to no more than 18. | | Balthaser disagrees with the insertion of this arbitrary Step 3. Nowhere in the Local Rules does it require this narrowing step and a deadline thereof. | 7 days after Case Management Conference |
| (4) | If a party claiming patent infringement alleges willful infringement, the basis for such allegation | Patent L.R. 3-1(h) | 14 days after Case Management Conference | |
| (5) | Deadline to join other parties or file amended pleadings without leave of Court | | Amending pleadings or adding additional parties shall be done with leave of court per FRCP 15, or by stipulation by the relevant parties | |

Joint Case Management Conference Statement
No. 3:09-cv-05422-RS (PVT)

DICKSTEIN SHAPIRO LLP

DOCSNY-409701v02

| STEP | ACTION | RULE(S) | BALTHASER'S PROPOSED DATE | DEFENDANTS' PROPOSED DATE |
|------|--------|---------|---------------------------|----------------------------|
| (6) | Deadline for parties to agree upon search terms for Balthaser's and each Defendant's respective ESI | | 30 days after Case Management Conference | none |
| (7) | All parties exchange of Proposed Terms and Claim Elements for Construction | Patent L.R. 4-1 | 14 days after Step 2 | |
| (8) | Deadline for all parties to produce relevant documents (including paper and ESI) responsive to outstanding document requests and interrogatories | | 45 days after Step 6 | none |
| (9) | All parties meet and confer to limit terms in dispute and jointly identify the ten (10) terms to be most significant in resolving parties' dispute | Patent L.R. 4-1(b) | 14 days after Step 7 | |
| (10) | All parties exchange of Preliminary Claim Constructions and Extrinsic Evidence | Patent L.R. 4-2 | 21 days after Step 7 | |
| (11) | Deadline for all parties to conduct mediation | | 90 days after Case Management Conference | none |
| (12) | All parties meet and confer to discuss Preliminary Claim Constructions and Extrinsic Evidence | Patent L.R. 4-2(c) | 10 days after Step 10 | |
| (13) | All parties jointly file Joint Claim Construction and Prehearing Statement | Patent L.R. 4-3 | 60 days after Step 2 | |

Joint Case Management Conference Statement
No. 3:09-cv-05422-RS (PVT)

DICKSTEIN
SHAPIRO LLP

DOCSNY-409701v02

| STEP | ACTION | RULE(S) | BALTHASER'S PROPOSED DATE | DEFENDANTS' PROPOSED DATE |
|---|---|---|---|---|
| (14) | Completion of Claim Construction Discovery | Patent L.R. 4-4 | 30 days after Step 13 | |
| (15) | Patentee files opening claim construction brief with supporting evidence regarding claim construction | Patent L.R. 4-5(a) | 45 days after Step 13 | |
| (16) | Accused Infringer files responsive claim construction brief with supporting evidence regarding claim construction | Patent L.R. 4-5(b) | 14 days after Step 15 | |
| (17) | Patentee files reply brief on claim construction with supporting evidence regarding claim construction | Patent L.R. 4-5 (c) | 7 days after Step 16 | |
| (18) | Pre-hearing Conference and technical tutorial if necessary | | 2 weeks after Step 17 (at Court's convenience) | |
| (19) | Claim Construction Hearing | Patent L.R. 4-6 | 2 weeks after Step 17 (at Court's convenience) | |
| (20) | Court's Claim Construction Ruling | | At the convenience of the Court | |
| (21) | Patentee makes Final Infringement Contentions | Patent L.R. 3-6 | On or about 30 days after claim construction ruling | |
| (22) | Accused Infringer makes Final Invalidity Contentions | Patent L.R. 3-6 | On or about 50 days after claim construction ruling | |

Joint Case Management Conference Statement
No. 3:09-cv-05422-RS (PVT)

DICKSTEIN
SHAPIRO LLP

DOCSNY-409701v02

| STEP | ACTION | RULE(S) | BALTHASER'S PROPOSED DATE | DEFENDANTS' PROPOSED DATE |
|------|--------|---------|---------------------------|---------------------------|
| (23) | Accused Infringer makes disclosure relating to willfulness | Patent L.R. 3-7 | On or about 50 days after claim construction ruling | |
| (24) | Deadline for completion of all fact discovery | | On or about 90 days after claim construction ruling | On or about 60 days after claim construction ruling |
| (25) | Deadline for disclosure of expert testimony on issues for which a party bears the burden of proof | FRCP 26(a)(2) L.R. CV-26(b) | On or about 30 days after Step 24 | |
| (26) | Deadline for disclosure of rebuttal expert testimony | | On or about 30 days after Step 25 | |
| (27) | Deadline for completion of expert discovery | | On or about 30 days after Step 26 | |
| (28) | Deadline for objections to other parties' expert witnesses | | On or about 14 days after see Step 27 | |
| (29) | Deadline for filing dispositive motions | | On or about 30 days after Step 28 | On or about 21 days after Step 28 |
| (30) | Deadline for filing all *Daubert* motions | | On or about 30 days after see Step 28 | On or about 21 days after see Step 28 |
| (31) | Deadline for parties to make pretrial disclosures | FRCP 26(a)(3) | On or about 90 days after see Step 29 | |
| (32) | Patentee to provide to other parties its information for Joint Final Pretrial Order, Proposed Jury Instruction and Verdict Form | | On or about 15 days after see Step 31 | |

Joint Case Management Conference Statement
No. 3:09-cv-05422-RS (PVT)

DICKSTEIN
SHAPIRO LLP

DOCSNY-409701v02

| STEP | ACTION | RULE(S) | BALTHASER'S PROPOSED DATE | DEFENDANTS' PROPOSED DATE |
|------|--------|---------|---------------------------|---------------------------|
| (33) | Defendants and third-parties to provide to Patentee their information for Joint Final Pretrial Order, Proposed Jury Instruction and Verdict Form | | On or about 15 days after Step 32 | |
| (34) | Parties to file Proposed Joint Final Pretrial Order, Proposed Jury Instructions, Joint Verdict Forms and Motions in Limine.  Prior to initial pretrial conference, parties shall confer with each other regarding the other party's Motion in Limine, deposition designations, and exhibit and shall submit to the Court in writing any objections they may have to the other party's Motions in Limine, disposition designation, and exhibits. | | On or about 15 days after Step 33 | |
| (35) | Initial Pretrial Conference and hearing on Motions in Limine if required and hearing on objections to deposition designations and exhibits. | | On or about 15 days after Step 34 | |
| (36) | Final Pretrial Conference before Judge Jeremy Fogel | | On or about 15 days after Step 35 | |
| (37) | Jury Selection | | TBD | |
| (38) | Trial | | TBD | |

Joint Case Management Conference Statement
No. 3:09-cv-05422-RS (PVT)

DICKSTEIN
SHAPIRO LLP

DOCSNY-409701v02