**E-filed 10/19/10**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

BALTHASER ONLINE, INC.

        Plaintiff,

  v.

ART STAR DESIGN LLC, et al.,

        Defendants.

No. C 09-5422 RS

**ORDER DENYING MOTION FOR SUMMARY JUDGMENT WITHOUT PREJUDICE**

After the parties had begun the process of preparing their Joint Claim Construction and Prehearing Statement pursuant to Local Patent Rule 4-2, but before that statement was due to be filed, defendants filed a motion for summary judgment, arguing that the asserted claims of the patent-in-suit are all invalid because they were practiced by the www.geocities.com website in public use more than one year before the earliest priority date asserted by plaintiff. Pursuant to Civil Local Rule 7-1(b), the motion is suitable for disposition without oral argument.

Defendants' moving papers contended that there were no material differences in the parties' proposed constructions of the claim terms relevant to the motion and/or that they could prevail even under plaintiff's proposed constructions. In apparent response to the motion, plaintiffs amended their proposed construction of at least one term, and advanced a proposed construction for an

1  additional term.  Although defendants complain that the revised and additional proposed
2  constructions were untimely, they were included in the parties' joint statement subsequently filed.[1]

3        On reply, defendants argue that plaintiff's revised constructions are not tenable on the merits
4  and that summary judgment is therefore still warranted.  As originally presented, however, the
5  motion was premised on there being no material question of claim construction to be decided.  Now,
6  in contrast, the motion could not be decided in defendants' favor without first resolving vigorously
7  contested legal issues of claim construction.   Defendants are correct that there is no absolute rule
8  against construing claims in the context of a motion for summary judgment, even where a formal
9  claim construction hearing has yet to be held.  At this juncture and on the present briefing, however,
10 defendants have not persuasively shown that the claim construction issues must be decided in their
11 favor.  In particular, although the patent specification may expressly define "rich media
12 components," it is not clear (1) whether a construction of "rich media *application*" and/or the term
13 "application" standing alone is necessary, or (2) if such constructions are necessary, what they
14 should be.  Additionally, while defendants rely on intrinsic evidence suggesting that a website *may*
15 constitute a "rich media application" if it includes rich media components, uncertainty remains as to
16 whether a website including rich media components would *always* be a "rich media application"
17 within the meaning of the claims.

18       The Court does not intend to prejudge any of these issues; the possibility remains that
19 defendants' arguments will prove persuasive upon a complete and orderly presentation of the
20 parties' respective claim construction arguments, and that summary judgment of invalidity will then
21 be in order, provided defendants also establish the absence of any other issue of material fact.  The
22 evolution of the parties' positions and the state of the present record, however, precludes reaching

---

[1] Defendants have not sought to bar plaintiffs from presenting the proposed constructions and the circumstances would not appear to warrant such an order.  Although the constructions were proposed after the time provided by Rule 4-2 for doing so, the record does not reflect intentional gamesmanship by plaintiff or cognizable prejudice to defendants.

such a conclusion now.  Accordingly, defendants' motion for summary judgment is denied without prejudice to it being renewed after a claim construction order issues.[2]

IT IS SO ORDERED.

Dated: 10/19/10

_____
RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE

---

[2] Any such renewed motion should be fully briefed in conformance with Civil Local Rule 7, although the parties will be free to reuse any sections of their present briefing that may still apply. While it is of little consequence given this disposition, in the interest of having a complete record, plaintiff's motion for leave to file a surreply is hereby granted, and their proposed brief submitted under docket no. 507 is hereby deemed duly filed.